# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 19, 2007

127897

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
    Plaintiff-Appellant,

v

MAURICE LAMONT NYX,
    Defendant-Appellee.

SC: 127897
COA: 248094
Wayne CC: 02-007289-01

_____/

      On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, on the Court's own motion pursuant to MCR 7.316(A)(3), the Court DIRECTS each party to file a supplemental brief not later than 42 days after the date of this order specifically addressing the following questions: (1) whether MCL 768.32 satisfies the requirements of both Const 1963, art 1, § 20 that a defendant "be informed of the nature of the accusation" and the "doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him," *Schmuck v United States,* 489 US 705, 717 (1989), where the lesser degree offense does not constitute a lesser included offense as defined in *People v Cornell*, 466 Mich 335 (2002); (2) more specifically, whether a defendant charged with first-degree criminal sexual conduct is, under Const 1963, art 1, § 20, sufficiently informed that such charge carries with it the possibility that he may be convicted of an uncharged lesser degree of that offense on the basis of any conduct that would suffice to establish an offense of the lesser degree; and (3) most specifically, whether a defendant charged with first-degree criminal sexual conduct, MCL 750.520b, is, under Const 1963 art 1, § 20, sufficiently informed that such charge carries with it the possibility that he may be convicted of the uncharged offense of second-degree criminal sexual conduct, MCL 750.520c, where conviction of the latter requires the prosecutor to prove an element that is not at issue to obtain a conviction of the former — i.e., that defendant touched the victim's "intimate parts . . . for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner . . ." MCL 750.520a(o).



     I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 19, 2007

Clerk

t0116